Good morning, Your Honors, and may it please the Court, my name is Greg Podolak and I represent the appellant in this matter, Perini-Tompkins Joint Venture. Seated at counsel's table with me is Tracy Allen-Sacks, also from my firm. We're here today, Your Honors, asking this Court to reverse a summary judgment ruling in favor of the appellee, ACE American Insurance Company, and really in so doing, asking this Court to find that it is inappropriate to render a summary judgment ruling finding that there are no genuine issues of material fact on a prejudice analysis when, in fact, there are competing facts on that issue. And we think that's the appropriate outcome for several reasons. First and foremost, the prejudice analysis, historically and particularly in Maryland, is a fact-intensive inquiry at its core. Secondly, there is no precedent applying Maryland law that suggests that a court can ignore evidence demonstrating a lack of prejudice simply because the basis... They can if the law is prejudice isn't required. Don't you agree with me? If the law is that there's no required showing prejudice, the court not only may, must ignore any evidence of prejudice. Isn't that correct? Yes, Your Honor. In those minority of states where the... I didn't say anything about minority of states. I said if that's the law. If that's the law, Your Honor, where there is no prejudice standard, then yes, and that's... It is the law in Maryland and Tennessee with regard to voluntary payment clauses like you have here, isn't it? It is not, Your Honor. In Maryland, there is a statute on point which applies to defenses, coverage defenses, based on both late notice and lack of cooperation. It's quite clear, Your Honor, that the defense being asserted by ACE here, a voluntary payment, constitutes a lack of cooperation defense. So it does fall within the purview of the statute. But then also with respect to Tennessee, I think it's important to note that even though I think Maryland law applies at the end of the day, Tennessee has joined the vast majority of states recently in converting from what was formerly a... If the law is that... Is that correct? Yes, Your Honor. If the law is that no prejudice is required, then the... But your argument is the law requires a showing of prejudice. Absolutely, Your Honor. Both under Maryland statute, under Maryland's common law, and even in the... I think what is the unlikely scenario that Tennessee law should apply here, it still is a prejudice standard. And in fact, recent case law in Tennessee has recognized that even under a voluntary payment defense, it's appropriate to pursue that prejudice analysis. And I think that the critical point here, Your Honors, is that we are not asking this court to render summary judgment in our favor. We're simply asking for an opportunity to have a jury evaluate those facts on the prejudice issue. The more critical point may be whether the law requires prejudice or not. That might be the more critical thing. And it is... We understand the difference between arguing against summary judgment and being granted summary judgment. We understand that. Certainly, Your Honor. And I think there is very little dispute that a prejudice analysis applies here. There's a lot of dispute. The other side seems to dispute it. Maybe I'm wrong, but I think they should dispute it. I think maybe the court below disputes it. Well, I'll say this, Your Honor. I think in the first instance, the statute absolutely applies here. I think the briefing talks about the fact that this is a cooperation defense and that falls within the purview of the statute. Your briefing talks about that. Yes, Your Honor. And their briefing does not. But even if Your Honors determines that this falls outside the purview of the statute and under the common law, I think the Maryland courts that have addressed this issue have said that it is still a prejudice standard. The most recent decision on this... Unnoticed or cooperation for settlement? On both, Your Honor. Specific case law, common law in Maryland is for a consent clause prejudice is required. Yes, Your Honor. Among the more recent decisions, Prince George's County versus local government insurance trust, that was a scenario where the court was faced with what is essentially the same coverage denial here, a voluntary payment argument, and on an unrelated technical matter determined that the statute didn't apply because the government trust didn't qualify as an insurer under the statute. And they still proceeded with applying a common law prejudice standard. So absolutely, whether we're under the statute, whether we're under the common law, the courts are clear that Maryland's highest court is clear that it is still a prejudice standard. But I think what's significant... Let me ask you this since we're concentrating on prejudice. The insurance company had no attempt to negotiate the settlement. Had they had that attempt, they may have been able to negotiate a lower settlement as opposed to the $38 million or whatever it was that Marini negotiated. Isn't that a showing of prejudice? I think in some respect if those facts are found to be true, then yes, it is one element of the prejudice analysis. And that's what's significant about the Prince George's County decision. The court there is saying under a very limited set of facts where there is no knowledge by the insurance company prior to the voluntary payment being made and where there's no evidence put forth by the policyholder showing a lack of prejudice, that in that scenario the finding of a voluntary payment is in and of itself, the court uses the expression, affirmative evidence of prejudice. And I think it's important that they're not saying that it is conclusive evidence of prejudice that says you can disregard all other facts in the prejudice inquiry. What they're saying is in that scenario it becomes one of the factors to consider. And I think it's important that under Prince George's County, under the predecessor cases to that on which Ace relies, we find the same... That is evidence, your answer to Judge Hamilton's question is that is evidence of prejudice. Then that would win unless there is some evidence of lack of prejudice. Is that in the record? Absolutely, Your Honor. And in fact the record is replete with evidence that in fact Ace has not suffered prejudice which is ultimately what should find its way to a jury. And in some ways... That evidence is in what form? It's in... The other side said we're going to get, we don't care who negotiated with us, we're going to get that much of a settlement? I think it comes in several forms. I think first and foremost... Why don't you name your strongest one, factually? Factually speaking, it comes in two points. One, that the insurance company had an individual that they employed to specifically be their eyes and ears physically present at the project. Does that have anything to do with negotiation of the settlement, though? Yeah. That was the question that Judge Hamilton asked you. He said if the insurance company was denied the right to be involved in the negotiations and maybe work to a lower number, wouldn't that be evidence of prejudice? And you said, yes, it would. I said to you, if that's all the evidence is, and if prejudice is required, the other side would win as a matter of law. But I've asked you, where's the... Any evidence to the contrary? I'm just asking that question. And apologies for not having answered it. I think the evidence comes in the form of the lengthy negotiation and dispute that PTJV had with the owner and the efforts they took to mitigate their own exposure. That's not any evidence that the insurance company couldn't have done otherwise or better. There's not any evidence at all to that question. Particularly when the settlement was $11 million over the combined policy limits. I'd have to check those figures. I don't think... Well, your question, Your Honor, Judge Thacker, raises an important point. That, in fact, there are multiple policies that are involved here, and it is an important point on the issue of prejudice and whether or not Ace actually believes that their rights have been prejudiced, that they sit access to another line of insurance that is involved in this project, a builder's risk policy. And it also calls into question, which is another factual issue that needs to be evaluated by a jury, at what point their obligations actually attach. But to come back to your question, Judge Shedd, I think the point you're making is an important one. I don't know about the point I'm making. I'm still waiting for you to answer my question. Where's direct evidence, factual evidence in this record? It may be there that the insurance company was not prejudiced by them being excluded from negotiations on the settlement. The evidence comes in the form of the testimony of the individual participants who took part in that negotiation, who evaluated the thousands of project records, who disputed with the owner for 10 months, and who ultimately determined that the opportunity to resolve the case in front of them was a reasonable one. It comes from the testimony of... That's not evidence that the insurance company wasn't prejudiced. That in itself is not evidence of it. Was there some suggestion that part of this was a business decision to settle at the amount that was settled in, for ongoing business purposes? I don't know that that suggestion has come from any of the testimony of the individuals on our part, Your Honor. I don't recall that specific testimony. But I think what the framework here is, as Justice Thacker noted in her dissent in the recent decision of Minnesota Mutual Lawyers versus Baylor and Jackson, what is the crux of this analysis is what harm has the insurance company suffered? Well, you've already admitted on this record there is evidence that they were prejudiced. That's what you told Judge Hamilton. I think, and perhaps I should clarify my response. Maybe you want to change that answer. I think... I think, by the way, I think your answer seems the common sense one and the right one. Yes. How could there not be prejudice? By the way, I don't know if you know this or not, and I bet you do, that's what insurance companies do when they get a claim. They try to settle them and negotiate, quite frankly, a settlement that's very favorable to them maybe, but that's what they do. They absolutely do do that, and that was absolutely what was done here. And so I think if we're... They negotiated the settlement amount? No. Apologies, Your Honor. My point simply was that the interests aligned, that PTJV... But that's not necessarily so. Was the insurance company given the opportunity to be involved in negotiations on the settlement? Were they involved in the settlement at all? They were not. Were they asked to be involved in the settlement? They were not. Okay. They weren't even notified until, what, like two years later? No, I think that's inaccurate. I think the facts are that they had an individual who was physically present at the project who witnessed the property damage as it happened, which is important because it makes this case more like the 2005 decision before this court in Metric-Covernor-Fayetteville v. Federal Insurance Company where very similar facts. The insurance company had a loss control consultant on site for the construction of a mixed-use recycling and wastewater treatment facility, and there was property damage that occurred during the construction of that property, and that loss control consultant was intimately involved in the assessment of the property damage there, was aware of the evolution of the property damage, and much... That sounds like a notice issue to me. That sounds like a notice issue. And the presence of the representative from the insurance company on site, that seems to go and address the question of notice to the insurance company, but I don't see how that addresses the question of no settlement. Well, I think it's one of a multitude of facts that go toward the issue of prejudice. I mean, as the courts... No, it's not. You could have notice. I don't see how you can say that. You can have all the notice of an accident and yet be prejudiced if, in fact, the requirement is you be involved in a negotiation to settle the claim arising from that accident. You could be prejudiced even though you knew about it, everybody in your company knew about the accident. Don't you think you could be? You have to admit that you could be. I think that under very specific facts, yes, you could be, but those aren't the facts of this case. And one of the factors that the courts have time and again said is essential in the evaluation of whether or not there's been prejudice is whether or not the insurance company has an opportunity to investigate. And the facts here, much like metric covernor... But that's not all that matters. It's not all that matters. But I'm going to take you back to this. What is the strongest evidence in the record, fact, that the insurance company was not prejudiced? You said long negotiations, but is there anything else? Well, I think it absolutely has to be the presence of this individual and the knowledge that the insurance company obtained. That's the strongest evidence that somebody was present there? I'm going to the question of if we get to prejudice against the insurance company, they have, I think, probably showed prejudice when they were excluded. I don't mean that in a positive way. They're just not involved at all in the settlement negotiations and can't help determine how much they're actually going to ultimately be responsible for in some formula. Where's any evidence to the question that they were not prejudiced to counterbalance that? Did somebody say, we're going to settle for this amount whether you'd have been here or not, we wouldn't have settled for less? Is there anything like that in the record? Yes, there is consistent and replete testimony by all of the individuals who were involved in that 10-month long dispute saying time and again individuals with specific expertise in the different areas that were in dispute, construction engineers, architects, lawyers, that evaluated the specifics of the claim that was before them. I know that, but you can have that in every case. You can have the plaintiff's witnesses and the defense witnesses all agreeing that something is factual, but that doesn't mean that the insurance company is going to agree to pay for that. I see that my time has expired. You reserve some time. We'll get back to you on that. Thank you very much. Mr. Powers. Thank you, Your Honor. May it please the Court, my name is Joseph Powers from the Sedgwick firm and we represent the interests of Ace American Insurance Company. I believe the central issue on this appeal is whether PTJV's failure to obtain the prior consent of Ace to its $38 million settlement with Gaylord before providing notice of the claim to Ace satisfies the fait accompli standards described by the Court of Appeals of Maryland in the Prince George's County case and justifies the finding that Ace suffered actual prejudice as a matter of law. Do you think this is a question of notification? I think that there's a split in authority over whether these provisions in the Ace policy would fit within the Maryland statute or whether they would be decided as common law issues. But in light of Prince George's County, the Maryland Court of Appeals brought those two into a common playing field. I think that's very clear from the decision. Ultimately, it doesn't matter because in the end, if you're in this fait accompli area, you have prejudice as a matter of law. I would cite a little bit from Philip's way when I observed that even if it were technically true that in order for the carrier to give its consent to the intended settlement, the insured would have to notify and cooperate with the carrier. Two, that fact is irrelevant because if the insured had notified the carrier of the intended settlement and had given the carrier its full cooperation, the condition preceded of obtaining the insurer's written consent to any settlement would still have been breached if the insured settled the case without the carrier's written consent to such a settlement. That's a quote directly from Philip's way. That's correct, Your Honor. Notification and advising them of it and so forth wouldn't carry the day, wouldn't be fait accompli. The condition preceded was that before they could settle a case, they had to obtain the insurance company's written consent to the settlement. And that was the common law rule before Prince George's County was decided. But Prince George's County cited cases. Prince George's County was about a notice given after a judgment. But in bringing and it also decided that it was outside the statute. So Prince George's County, the court had a choice of where were they going to go back to the old no prejudice rule. But Prince George's County, it didn't overrule Philip's way. Philip's way was not even mentioned in that Prince George's County. This is what I'm getting at, Your Honor. I think Prince George's County implicitly recognized that these types of consent provisions, voluntary payment provisions are in essence notice provisions that would otherwise be governed by the statute. Because it cited those cases in support of its finding that it was going to bring the common law into compliance with the statute. And that you would have to show prejudice except where you were in a fait accompli. And the justification for that was, and this is also in the Philip's way case, where they say you're putting the insurer in an impossible position of proving a negative. Now that is demonstrated by the facts in this case. Because before PTJV ever came to ACE and told them about any of this, they had a dispute ongoing with Gaylord. What would happen in Maryland if there was evidence that there absolutely was no prejudice and the insurance company admitted no prejudice by the fait accompli? I have not seen that case, Your Honor. What do you think would happen under Maryland law? Of course, they'll say too bad. We know as undisputed you were not prejudiced. As a matter of fact, from your own lips, insurance company, you say you benefited from this. Would there just be that's a fait accompli and it's just too bad, no coverage? Well, again, I'm trying to get back into the facts in this case. Well, I'm asking you a question, though. I don't know what they would do, but we can demonstrate prejudice from the facts in this case because the two sides were fighting about all these. They had counterclaims against each other. What's your best factual evidence of prejudice in this case? In this case? They had all these counterclaims against each other that involved things having nothing to do with this atrium failure, which is the only way they can tie it into insurance. They settled the case. They have a $38 million shortfall, and then they turn around and say, oh, that $38 million, that all has to do with the atrium failure. Now you have the burden of proof of establishing that it doesn't have anything to do with the atrium failure. That is the impossible position of proving a negative that they're attempting to put on us, and that's why they find prejudice is a matter of law in this case. There is a support. There is support there. Now, if it were in another case where we could not show a shred of evidence, maybe the Maryland Court of Appeals would change the rule, bend the rule, but it's not. It's here. You showed me where the prejudice is, you say, although I'm not sure that's evidence of prejudice, but is there any evidence from anybody? I'm just asking. I don't know the record as well as I think about it now in this unfolding, but somebody from your company has testified or submitted an affidavit or anything saying that you would not have settled for that number if we're going to deal with prejudice? I thought your argument was prejudice isn't required. Is that the argument to the court below? Prejudice is not required? It should be inferred as a matter of law under Phillips' way. Just wait one second. You can win when proof is required of prejudice because lack of prejudice on the facts. What I'm saying wasn't the argument below, and I thought the court below took it that prejudice doesn't matter. Prejudice does not matter. Is that what the court below thought? I think in terms of Phillips' way, yes, but also in terms of both Phillips' way and Prince George's. I didn't say in terms of anything. I said what the court below thought. I think the court below also found that it should be inferred as a matter of law just because they didn't. There's too much opportunity to keep the insurer in the dark. I don't want to get into that extraneous stuff. I'm trying to focus this. I thought the court below, and I could be wrong when I read his questioning and I read his comments, I thought he thought that prejudice is simply not required. Did you disagree with that? I'd have to go back and read it again. What was the basis of his decision? He talked about how he quoted directly from Phillips' way in terms of the standard I was just describing about putting the insurer in an impossible position of proving a negative. That was really the cornerstone of his decision. So in that sense, he was relying on the standards in Prince George's County. Do you think that this case is controlled by Phillips' way? I think Phillips' way is consistent with Prince George's County. Other than the fact that they took it outside the statute, they didn't really say you don't have to show prejudice because you have conditions precedent here. They didn't come out and say that. They went on to say the same thing. You're putting the insurer in an impossible position of proving a negative. Well, I will concede to you that Prince George's County acknowledges that the need for a prejudice analysis, even at common law. But my question to you is there is no highest court in Maryland that has decided this issue. And we have to sitting as this court, we have to decide what decision would the highest court in Maryland make if it were presented with this very same case. And my question to you is do you think that Phillips' way constitutes the next best indicia of how Maryland's highest court would resolve this issue? Well, I guess the fact that they didn't even mention Phillips' way makes it kind of hard to predict. But I think that based on Prince George's... Who didn't mention Phillips' way? The Court of Appeals in Prince George's. But I think that they would probably follow the logic of Prince George's and find that this is a type of notice and cooperation provision that would fall under the statute. But that settling cases before notice is the same as getting judgments entered against you before notice. The prejudice is equal. And in the case, in the Prince George's County case, they talk about it in the same vein. When they're discussing other cases across the country that have found prejudice as a matter of law where you don't notify the insurer until after a judgment, they cite four cases where it was a failure to notify of settlements before giving notice. I don't know why you keep relying on Prince George's. That dealt with the insurer's failure to comply with the notice provision of the policy. Correct, yes. Not with the insurer's failure to comply with the policy's consent before settlement provision. Correct. But the prejudice is the same arising out of each. And that's the point I'm trying to make, that I believe the Court of Appeals of Maryland would see it that way, that it's prejudice as a matter of law in either context, whether it's under the common law rules. I don't understand why you say that because you could get notice of an incident and not be prejudiced by lack of notice as to investigate. Correct. But could you later be prejudiced by a failure of lack of notice of settlement? That's not the same prejudice. It's not the same prejudice, and I agree. For notice of occurrence, for notice of suit, for notice of claim, the burden is on the insurer to establish prejudice. But when you take it into, you know, after-the-fact settlements, after-the-fact judgments, then you've taken all control away from the insurer. The insurer changes what? Then the burden's on who? Then there's, as a matter of law, there's prejudice because you're putting the insurer in an impossible situation. Do you equate with, I just wonder the way you formulated this, do you equate, what did you say, presume, what did you say, what did you call that prejudice? Prejudice as a matter of law. As a matter of law. And that's a quote right out of both cases. Why don't you let me finish my question? Sorry. You equating prejudice as a matter of law, the equivalent of no prejudice need be shown. Is that the same formulation, do you think? I don't, I think they're two different things. Because if the case is governed by the statute, you have to comply the burden of proof. For burden of proof and for what the insurance company would have to show, I don't think there's any difference. Either the insurance company, you weren't involved in the settlement, the law presumed you were prejudiced, therefore you win. Or you weren't informed, in a case where you're not informed, no prejudice need be shown. Isn't that the same thing? As far as the outcome it is. Yes. But the statute puts a burden on the insurer. That's the wording of the statute. Let's see if I have it here. Insurer may disclaim coverage on a liability insurance policy on the ground that the insurer has breached the policy by failing to cooperate with the insurer by not giving the insurer required notice, only if the insurer establishes by a preponderance of the evidence that the lack of cooperation or notice has resulted in actual prejudice to the insurer. So to comply with that, I think you would have to find that the insurer was prejudiced as a matter of law. Is there a difference without a distinction then? In practical terms, yes. And if it were a condition precedent, then clearly it wouldn't be an issue because you wouldn't. But the bottom line is you see it as a settlement situation if the insurance company with this provision in its contract is not given the opportunity to be involved and sign off on the insurance company wins. That's what the court was saying. This is such an essential right. That's how you see it. That's how I see it. Right. It's a concern in the industry on its head if you do away with this type of approach. Okay. Well, I was just going to address briefly a couple of other loose issues. The choice of law analysis doesn't even have to be performed here. Maryland has addressed the prejudice standards that apply when there's settlements or judgments where there's no prior notice. And Tennessee has not come out with a definitive decision since they switched over to the prejudice rule in that. By the way, I want you to understand the reason I was asking those questions is because I had not seen the law sort of the way you characterized it. I'd seen it as no prejudice needs to be shown, and that's why I was trying to see if I could make the two make sense. But they do make sense, at least in light of the result. Yes. No matter what you call it. That's why I was questioning you on that. Okay. Well, I don't think there is a choice of law of conflict here because Tennessee hasn't addressed this specific issue. And also, both sides agree that the law of the forum should apply. So that disposes of the issue. Unless your Honor has questions about... We have nothing further. Thank you very much. Thank you very much. Odaly, you've reserved five minutes. Thank you again, Your Honors, for your time this morning. A few key points. I think it's important to reemphasize that the statute and the common law place the burden of showing prejudice on the insurance company. And this stands in stark contrast, as I know this Court is well aware from the discussion we've had today, to the old archaic forfeiture rule, which is essentially what ACE is asking this Court to enforce here. That based on what one Maryland court has described, a technical escape hatch of not having comported with the conditions precedent under the policy, that the policyholder forfeits all their rights under the policy, despite the fact that they've paid a substantial premium for that policy. And this case is particularly emblematic of that principle because it involves a $900 million construction project for which millions of dollars in premium were paid. And I think that's what's troubling about the result that ACE proposes here. It gets as far away from what the statute in Maryland and what the common law require as any other decision that's out there. It's really sort of pushing things back towards this forfeiture rule. And I think that's a problem that this Court needs to be... Well, under the law and the court decisions in Maryland, why is that so? Tell us specifically why that's so. My apologies, Your Honor. Just tell us why under the law of Maryland, he explained under the law of Maryland why he wins. You made sort of an introductory comment, but why under specific decisions and law in Maryland is he wrong on the law? Because under the law of Maryland, an evaluation of all of the facts pertaining to prejudice don't go away, merely because there may be a finding of a voluntary payment. And I think what's important here is that while the burden is on ACE to show prejudice, the only thing they're pointing to is this alleged voluntary payment. They're not pointing to any specific facts that the case wasn't defended properly, that it wasn't a reasonable result. In fact, their corporate representative, their designee, testified that he wouldn't have done anything differently, that he had no problems with the tactics that the defense counsel, with the hiring of the defense counsel that was used. Did he agree to the settlement number? He did not. That might have been something he's done differently. But it also brings into play another relevant... How are you going to get around a provision in a contract, and that's what it was, an insurance policy as a contract, where it said you will not settle without the written consent of ACE? How are you going to get around that? A number of ways, Your Honor. I think it's only one of several important contract provisions that are relevant here. So can you ignore it? No, I wouldn't, Your Honor. I think it has to fall in place into the overarching context, both looking at all of the relevant contract provisions, one of which is, and this is something that makes this case particularly unique from any other case out there. Why don't you just answer his question? How do you get around that provision? Sorry, Your Honor. I think that in the context of the rest of the policy, there are other provisions that make this policy access to other insurance. I think that it means that the requirements there have to be viewed through the lens of ACE being an access insurer. It's something that they agree to, to this day. They recognize that they see excess of the $50 million builder's risk policy that was involved in this project. I thought you would say, under Maryland law, that provision reads and requires on the common law of the statute a showing of prejudice. I thought you would say that. And I absolutely was going to say that next year, Your Honor. We're not going to be here tomorrow. You're right, Your Honor. And Judge Shedd is absolutely on point. I didn't answer the question. I just said I thought you were going to answer the question. I haven't heard that yet, and it would be how? I should say Judge Shedd's reading of my mind is absolutely on point, that it still requires that they show prejudice, which they have at best only shown one piece of evidence on that issue, and there are a myriad of other factors that have to be taken into account. And it's addressed more deeply in the briefs. I think if this court finds reason to conclude that there is no prejudice standard under Maryland law, there is still an argument as to whether or not ACE has waived this, and that involves also some complicated factual issues that have to be evaluated by a jury. But ultimately, I think the point just needs reiterating that the standard here is not forfeiture as a matter of law. It is a question of actual prejudice as a matter of fact, and that's why we're asking the court to reverse. All right. Thank you. Thank you very much. We'll have the court adjourn, clerk adjourn the court, and then we'll step down and recount. This honorable court stays adjourned until tomorrow morning at 930. God save the United States and this honorable court.
judges: Dennis W. Shedd, Stephanie D. Thacker, Clyde H. Hamilton